## 5232.

## A. J. O. ELMER, RECEIVER OF ROLLING-AICKLEN CO., LTD. vs. COMMERCIAL-GERMANIA TRUST AND SAVINGS BANK.

A bank may under a special mandate to that effect attribute money on deposit to the payment of a note which it holds of the depositior, although the latter may be insolvent at the time of such imputation and notwithstanding that the note has not then matured.

Appeal from the Civil District Court, Diivsion "D."

Johnson Armstrong, for plaintiff and appellee.

Merrick & Lewis and Buck, Walshe & Buck, for defendant and appellant.

GODCHAUX, J.—On November 2, 1909, the Rolling-Aicklen Company for value received, executed and delivered to the defendant bank its ninety day promissory note payable at said bank. On December 10, 1909, the bank, having received notice from the Rolling-Aicklen Company that it was unable to pay its debts and desired an extension, credited the note with the sum of $604.58 which it held on ordinary checking deposit for said company in the usual course of business.

On December 13, 1909, the Rolling-Aicklen Company, which was then, and had been for some time prior thereto, in insolvent circumstances, was placed in the hands of a Receiver for purposes of liquidation.

The Receiver brings this action against the bank to recover the amount of this deposit, and the bank defends on the ground that it imputed this deposit in part payment of the note under authority of the following stipulation. contained in the note itself.

"Should the maker of this note fail in business or ask a respite or become a bankrupt before the maturity of this note, this note is to become immediately due and exigible. At the maturity of this note or when otherwise due as above provided, any money, stocks, bonds or other property of any kind whatsoever on deposit or otherwise to the credit of the maker on the books of the said Commercial-Germania Trust and Savings Bank or in its possession shall at once stand applied to the payment of this note, unless it be otherwise paid."

On the part of the Receiver it is contended that such a stipulation is wholly invalid because it purports to create by contract a privilege in favor of the bank upon the deposit where none is granted by law because it attempts to grant to the bank, to the prejudice of the insolvent's creditors, a prior right of payment from this deposit in violation of our insolvent laws which recognize such priority in favor only of creditors holding mortgages and pledges or entitled to privileges.

It is beyond question that the stipulation does not create in favor of the bank either a pledge or a mortgage upon the deposit and cannot create a privilege thereon. It does attempt, however, to confer upon the bank the right to use this deposit in payment of the note of the depositor, whether or not the latter be solvent or insolvent.

It has been uniformly held in this jurisdiction that a bank has no authority under the law itself to thus compensate a note which it holds of a depositor with the latter's deposit, irrespective of whether he be solvent or insolvent.

Breed vs. Purvis, 7 An., 53; Bloodworth vs. Jacobs, 2 An. 25; Morgan vs. Lathrop, 12 An. 257; Murdock vs. Citizens Bank, 23 An. 113;

Hancock vs. Citizens Bank, 32 An. 592; Gordon & Gomila vs. Muchler, 34 An. 604.

But these very decisions with equal uniformity recognize that this right of compensation in favor of the bank may be created by special contract or course of dealings; and quite recently in a case where the bank held a note of its depositor which had not matured at the time of his insolvency, the court confirmed the bank's right to impute his deposit to the payment of the note under a special mandate to that effect, the court under these circumstances holding:

"A bank may attribute money on deposit to the payment of a debt to itself by its depositor where it holds from the depositor a special mandate to that effect."

Succession of Gragard, 106 La. 298; See also Bank of Louisiana vs. Fowler, 10 Rob. 196; Cox vs. First National Bank, 126 La. 88.

It will thus be seen that in the Gragard case, supra, the court upheld the mandate notwithstanding its apparent conflict with the provisions of the code governing the distribution of insolvent estates and this court considers itself bound to follow this jurisprudence in the present instance, whatever may be its own views about the matter.

It is ordered that the judgment appealed from in favor of plaintiff be reversed and that the suit be dismissed at plaintiff's costs in both courts.

Judgment reversed.

Dufour, J., dissents on the ground that the decision in the Gragard case amounts to a repeal of the insolvent law which does not appear to have been discussed.

April 17, 1911.

Rehearing refused, May 15, 1911.

Writ denied by Supreme Court, June 20, 1911.